UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Phillip Charles Aught, Jr., <br><br>　　　　　　　Plaintiff <br><br> v. <br><br> Clark County School District, et al., <br><br>　　　　　　　Defendants | Case No. 2:25-cv-00874-CDS-MDC <br><br> **Order Overruling Plaintiff's Objection, Adopting the Magistrate Judge's Report and Recommendation and Denying as Moot Plaintiff's IFP Application** <br><br> [ECF Nos. 11, 12, 13] |

　　　　In commencing this action, plaintiff Phillip Aught, Jr. applied to proceed *in forma pauperis* (IFP), but his application was denied because it was incomplete. IFP, ECF No. 2. Specifically, United States Magistrate Judge Maximiliano D. Couvillier advised Aught that his application was incomplete because, among other things, he did not answer all the questions on the application or explain how he lives without any income or bills. Order, ECF No. 8. Judge Couvillier denied Aught's application and ordered him to cure the deficiencies or pay the filing fee. *Id.* Aught timely complied by filing a renewed IFP application, but it suffered the same deficiencies. IFP, ECF No. 9. Judge Couvillier denied that application for the same reasons but allowed Aught another opportunity to show that he qualifies for IFP status. Order, ECF No. 10. Aught was ordered to file a complete long form application, or pay the filing fee, by November 17, 2025. *Id.* at 4. But he failed to do so. On December 1, 2025, Judge Couvillier issued a report and recommendation (R&R) that I dismiss this case for Aught's failure to comply. R&R, ECF No. 11. Seventeen days after the deadline, Aught filed his renewed IFP application. IFP, ECF No. 12. Aught also objects to the R&R's dismissal recommendation, arguing that this "filing occurred *before* the Report and Recommendation was entered and since he complied, "the basis for dismissal no longer exists." Obj., ECF No. 13.

I.  Legal standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

II.  Discussion

The magistrate judge recommends dismissal based on Aught's failure to timely file an IFP application or pay the filing fee, and failure to comply with his previous orders. ECF No. 11. Aught asks me to decline adopting the R&R, instead seeking another opportunity to cure his filing deficiencies. ECF No. 13.

Aught argues that he filed a long form IFP application curing the deficiencies, *id.*, however, the application does not demonstrate his eligibility to proceed *in forma pauperis*. Based on my review, it also suffers the same defects identified in Judge Couvillier's November 6, 2025 order. ECF Nos. 10, 12. Aught again states he makes no money, has no bills, has no property of any kind, and has no debts. Therefore, there is reason to doubt the accuracy of his IFP application. Further, the most recent submission is essentially identical to his two previous applications. *Compare* ECF No. 12, *with* ECF No. 9, *and* ECF No. 2. Meaning Aught failed to answer all questions with detailed explanations about his income and expenses; provide an explanation on why questions are "not applicable;" and did not explain in detail why he cannot

afford the filing fee, how he lives without income or bills, or why there are inconsistencies on the forms. Aught was given numerous opportunities to demonstrate his inability to afford the filing fee but failed to do so. Moreover, although Aught argues that his IFP application was filed *before* the R&R, he neglects to address that it was filed seventeen days after the November 17, 2025 deadline.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). "To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004) (citing 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i)). Aught fails to do so here.

Given Aught's failure to comply with the court's orders and failure to demonstrate his eligibility to proceed in forma pauperis, the R&R considered the *In re Phenylpropanolamine* dismissal factors and found they weighed in favor of dismissal. ECF No. 11 at 2–3 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). I agree that dismissal is warranted here. So I overrule Aught's objection and accept the R&R in full. Because Aught's IFP application does not comply with the statutory criteria of 28 U.S.C. § 1915(a), or Judge Couvillier's orders, this case is dismissed.

### III.     Conclusion

IT IS HEREBY ORDERED that Aught's objection **[ECF No. 13] is overruled**, and the magistrate judge's report and recommendation **[ECF No. 11] is accepted and adopted in its entirety**, therefore this case is dismissed without prejudice.

IT IS FURTHER ORDERED that Aught's application to proceed in forma pauperis **[ECF No. 12] is denied as moot**.

The Clerk of Court is kindly directed to close this case. No other documents may be filed in this now-closed case. If Aught wishes to pursue his claims, he must file a complaint in a new case and, if he elects to file an IFP application, it must be the long-form and he must answer

every question. Simply answering questions with "N/A" without an explanation is insufficient. Aught may pay the full civil filing fee to proceed.

Dated: December 17, 2025

_____
Cristina D. Silva
United States District Judge